**PATEA S., of Vatia, Applicant**

v.

**TAULAGA, of Vatia, and MASANIAI, of Vatia, Objectors**

No. 270-1965

High Court of American Samoa

Civil Jurisdiction, Trial Divison

[Land: "Laloulu" in Vatia]

September 2, 1966

Fofo, Counsel for Applicant Patea.
Tuia, Counsel for Objector Taulaga.
Masaniai, *pro se.*

OPINION OF THE COURT

On September 9, 1965, Applicant Patea filed his Application with the Office of the Registrar of Titles of American Samoa to register a certain surveyed parcel of land called "Laloulu," containing 0.581 acres, more or less, situated in the Village of Vatia. The metes and bounds description of the land is set out in the plat of the survey which is filed

739

with the papers in this case. Patea sought to register the land in question as the communal land of the Patea Family.

Upon Notice of the proposed registration of the land, Taulaga, on September 28, 1965, filed an objection claiming that he had a better right to the land than Patea. On September 29, 1965, Masaniai filed an objection to the registration on the ground that he had better right "to a part" of the land in question than did the Applicant.

We will not go into detail regarding the testimony and the evidence presented in Court since it is very lengthy and it is all in the record, except to say that both the Applicant Patea and Taulaga, represented by Marasala, agreed that Masaniai owned a small part of the land inside the plat, to wit: a strip of land starting at a point four (4) feet to the east of the northwest corner of the survey plat, running therefrom south about fifty (50) feet parallel to the west boundary of the plat and then narrowing down at that point to three (3) feet from the same west boundary of the plat and running alongside said line for forty-two point fifteen (42.15) feet, to the northern edge of the hedge as marked in the plat, totalling an area of about three hundred twenty-six (326) square feet, more or less.

As the record will indicate, the evidence presented by Applicant Patea and Objector Taulaga was confused, contradictory and inconsistent. Masaniai's case was limited to his claim that he owned a small portion of the land, to which claim both Patea and Taulaga agreed. Patea and Utu were called on to testify on behalf of Applicant's claim. Taulaga called as his witnesses Manono, Masaniai, Gogo, and Marasala.

The record will further show that the testimony of Masaniai, who was called as a witness for Taulaga, was in fact favorable to Patea's claim to the land in question. Masaniai's testimony lent weight to Patea's claim when we consider the fact that the immediate last holder of the Tau-

laga title was the blood uncle of Masaniai and lived with Masaniai and is buried in Masaniai land, and the additional fact that Marasala, who represented Taulaga as objector, is also a member of the Masaniai Family and has lived in and planted his crops on Masaniai land. It was also ascertained that Masaniai and Patea are not related.

The Court in weighing the testimony and the evidence looked into the matter of registration of matai titles in the Register of Matai Titles and found that since 1906 the title "Taulaga" was registered only once and that was in November 13, 1964. The Court found that the title "Patea" was registered in 1906, 1932, 1955 and 1960.

After considering the testimony and the evidence, this Court is of the unanimous opinion that the application filed by Patea to register the land Laloulu as the communal land of the Patea Family should be granted, and that said registration should be ordered. Provided that the area within said survey above described, agreed to be Masaniai land shall be recognized as such. We are satisfied from the evidence that the land in question has been under the actual, open, notorious, hostile, exclusive and continuous control, use and cultivation of the Patea Family for more than forty (40) years, a period greatly in excess of the twenty (20) years required under Section 10.0115 of the Code of American Samoa, 1961 Edition. We thus hold that the Patea Family acquired ownership of the land in question by adverse possession.

Accordingly, it is the unanimous opinion of the Court, and it is hereby ORDERED, ADJUDGED AND DE-CREED by the Court as follows:

1. That the application filed by Patea to register the land Laloulu as shown in the survey, consisting of 0.581 acres, more or less, as the communal land of the Patea Family of Vatia be and the same is hereby granted, and that said land be registered in the Office of the Registrar

of Titles as the communal land of the Patea Family. Provided that the portion of land within the survey agreed by Patea to be Masaniai land shall be recognized as such.

2. That the claim filed by Masaniai to the part of the land in question is hereby granted, the description of said portion being as follows: A strip of land starting at a point four (4) feet east of the northwest corner of the survey plat, running therefrom south a distance of fifty (50) feet parallel to the west boundary of the plat and then narrowing down from that point to three (3) feet from the west boundary of the plat and running alongside said line for a distance of forty-two point fifteen (42.15) feet, to the northern edge of the hedge as marked in the plat, totalling an area of about three hundred twenty-six (326) square feet, more or less.

3. That the claim filed by the Objector Taulaga be and the same is hereby denied and dismissed.

The Registrar of Titles will be advised of this decree.

Court costs in the amount of $25.00 to be paid by Marasala for Objector Taulaga within thirty (30) days.